**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| NORTHWEST COALITION FOR ALTERNATIVES TO PESTICIDES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant, <br><br> CROPLIFE AMERICA, WASHINGTON FRIENDS OF FARMS AND FORESTS, OREGONIANS FOR FOOD AND SHELTER, RISE (RESPONSIBLE INDUSTRY FOR A SOUND ENVIRONMENT); <br><br> DOW AGROSCIENCES, LLC; and <br><br> WILLAPA/GRAYS HARBOR OYSTER GROWERS ASSOCIATION, <br><br> Defendant-Intervenors. | Case No. C10-1919Z <br><br> ORDER |

This matter comes before the Court on a motion to stay by Intervenor Defendant Dow AgroSciences, LLC ("Dow AgroSciences"), docket no. 44, and a motion to stay by Defendant United States Environmental Protection Agency ("EPA"), docket no. 48. The Court hereby GRANTS in PART Defendant Dow Agroscience's motion, GRANTS EPA's motion, and STAYS this case until December 30, 2011 or further order of the Court. The Court directs the parties to file a joint status report by December 30, 2011 or

ORDER - 1

within 30 days of a decision in Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv., No. 09-cv-00824 (D. Md.), whichever comes first, advising the Court of the ongoing posture of that case.

I. **BACKGROUND**

On July 2, 2002, this Court found the EPA in violation of section 7 of the Endangered Species Act ("ESA") for failure to consult with National Marine Fisheries Service ("NMFS") to ensure that 54 registered pesticides would not jeopardize listed salmonid species. Washington Toxics Coal. v. Envtl. Prot. Agency, No. C10-132C, slip op. at 20 (W.D. Wash. July 2, 2002), aff'd, 413 F.3d 1024 (9th Cir. 2005). In 2007, after having been sued by Northwest Coalition for Alternatives to Pesticides and others for failure to complete those consultations, NMFS entered into a consent decree agreeing to issue biological opinions on 37 of the pesticides that EPA determined "may affect" listed salmonids.

On November 18, 2008, NMFS issued the first biological opinion ("OP BiOp"), concluding that the continued use of the organophosphate pesticides diazinon, malathion, and chlorpyrifos would jeopardize the continued existence of 27 species of salmon and steelhead and would destroy or adversely modify the critical habitat for 25 of those species. OP BiOp at 391. On April 20, 2009, NMFS issued the second biological opinion ("Carbamate BiOp") concluding that EPA's registration of pesticide products containing carbaryl and carbofuran jeopardize 22 listed Pacific salmonids and likely destroy or adversely modify the habitat of at least 20 listed Pacific salmonids. Carbamate BiOp at 488. NMFS also found that pesticide products containing methomyl jeopardize 18 listed Pacific salmonids and likely destroy or adversely modify the habitat of at least 16 Pacific salmonids. Id.

In April of 2009, pesticide registrants filed suit against NMFS in the U.S. District Court for the District of Maryland alleging that the OP BiOp was flawed. Dow

ORDER - 2

AgroSciences LLC v. Nat'l Marine Fisheries Service, 638 F. Supp. 2d 508 (D. Md. 2009). The Maryland District Court determined that the Federal Insecticide, Fungicide, and Rodenticide Act's exclusive jurisdiction provision required plaintiffs to bring their challenge in the Court of Appeals. The Fourth Circuit reversed and remanded on March 2, 2011. Dow AgroSciences LLC v. Nat'l Marine Fisheries Service, 637 F.3d 259 (4th Cir. 2011). The briefing schedule in the remanded District of Maryland case requires the parties to complete their summary judgment briefing by September 2, 2011. Joint Stipulation on Case Schedule (Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv., No. 09-cv-00824 (D. Md.), docket no. 42).

On November 29, 2010, alleging that EPA had not taken any steps to implement the Reasonable and Prudent Alternatives ("RPAs") and the Reasonable and Prudent Measures ("RPMs") articulated in the BiOps, nor taken any alternative protective measures, Plaintiffs brought this suit seeking to enjoin EPA's authorization of the uses of diazinon, malathion, chlorpyrifos, carbaryl, carbofuran, and methomyl that do not comply with the RPAs and RPMs. Am. Compl. at ¶¶ 10, 11 (docket no. 40).

Defendant EPA has moved to stay this case for six months, through December 30, 2011, noting that a decision is likely to be issued in the District of Maryland case before then. Defendant Dow AgroSciences has moved to stay this case pending a decision in the District of Maryland case, with no date restriction.

**II.  DISCUSSION**

A trial court may stay an action before it, pending resolution of independent proceedings which bear upon the case. Leyva v. Certified Grocers of California, LTD., 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Id. To determine whether a stay is warranted, the court must weigh (1) the possible damage

ORDER - 3

which may result from granting the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

Plaintiffs are bound by their complaint. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1060 n.13 (2011). Plaintiffs' complaint is premised on the findings of NMFS' BiOps. See Generally, Am. Compl. As the validity of one of these BiOps is currently being disputed in Maryland District Court, and Plaintiffs' claims under the undisputed BiOp will require briefing on many of the same legal and factual issues, judicial resources would be properly conserved by granting a limited stay. While the Court is aware of the alleged harm to endangered steelhead and salmon, it is also aware that Plaintiffs are not seeking a preliminary injunction in the present case, and waited over a year and a half after NMFS issued the Carbamate BiOp and two years after NMFS issued the OP BiOp to file suit. Accordingly, Plaintiffs will not be unduly harmed by a limited stay. See Pesticide Action Network North Am. v. Envtl. Prot. Agency, No. 08-cv-1814 MHP, 2008 WL 5130405 (N.D. Cal. Dec. 5, 2008).

### III. CONCLUSION

For the foregoing reasons, the Court hereby STAYS this case until December 30, 2011, or further order of the Court.

IT IS SO ORDERED.

DATED this 30th day of June, 2011.

Thomas S. Zilly
United States District Judge

ORDER - 4