SAM HIRSCH
Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
SRINATH JAY GOVINDAN, Assistant Chief

MEREDITH L. FLAX (D.C. Bar # 468016)
J. BRETT GROSKO (Maryland Bar)
United States Department of Justice
Wildlife and Marine Resources Section
Environment & Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0404 / (202) 305-0342 | Phone
(202) 305-0275 | Fax
meredith.flax@usdoj.gov
brett.grosko@usdoj.gov

*Counsel for Federal Defendant*

THE HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NORTHWEST CENTER FOR ALTERNATIVES TO PESTICIDES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant, <br><br> and <br><br> CROPLIFE AMERICA, *et al.*, <br><br> Intervenor-Defendants. | No. 2:10-cv-01919-TSZ |

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)

10-CV-01919-ORD

Page 1

# STIPULATED SETTLEMENT AGREEMENT AND PROPOSED ORDER OF DISMISSAL

The Plaintiffs, Northwest Center for Alternatives to Pesticides, *et al.* ("Plaintiffs"), and the United States Environmental Protection Agency ("EPA" or "Federal Defendant"), by and through their undersigned counsel, say as follows:

WHEREAS, on July 2, 2002, this Court, in *Washington Toxics Coalition v. EPA*, No. C-01-132C (W.D. Wash. July 2, 2002) ("*Washington Toxics*"), ordered the EPA to make effects determinations and consult with the National Marine Fisheries Service ("NMFS"), as appropriate, under section 7(a)(2) of the Endangered Species Act ("ESA"), to ensure that EPA's registration of 54 pesticides under the Federal Fungicide, Insecticide, and Rodenticide Act ("FIFRA") is not likely to jeopardize the continued existence of 26 ESA-listed salmon and steelhead species ("listed salmonids") and is not likely to adversely modify their designated critical habitat;

WHEREAS, the Court in the same case on January 22, 2004, entered an injunction (Dkt. No. 224) vacating EPA's authorization of certain uses of 54 pesticide active ingredients in certain areas and imposing certain other requirements ("Interim Measures"), until one of four described terminating events had occurred (*e.g.*, the "issuance by NMFS of a biological opinion");

WHEREAS, on November 18, 2008, NMFS issued a biological opinion ("OP BiOp") concerning the effects on listed salmonids and their critical habitat of three of the 54 pesticides at issue in *Washington Toxics* (malathion, diazinon, and chlorpyrifos);

WHEREAS, the OP BiOp found that the continued registration of the three covered pesticides was likely to jeopardize the continued existence of certain ESA-listed salmonids and was likely to adversely modify the designated critical habitat of certain ESA- listed salmonids;

WHEREAS, on April 1, 2009, Dow AgroSciences, LLC, Makhteshim Agan of North America, Inc. and Cheminova Inc., USA, challenged the validity of the OP BiOp under the ESA and the Administrative Procedure Act ("APA"), *Dow AgroSciences, LLC v. NMFS*, No. 09-cv-00824 (D. Md.) ("*Dow*") (Dkt. No. 1);

WHEREAS, on April 20, 2009, NMFS issued a biological opinion ("Carbamate BiOp") concerning the effects on listed salmonids and their critical habitat of three of the 54 pesticides at issue in *Washington Toxics* (carbaryl, carbofuran, and methomyl);

WHEREAS, the Carbamate BiOp found that the continued registration of the three covered pesticides was likely to jeopardize the continued existence of certain ESA-listed listed salmonids and was likely to adversely modify the designated critical habitat of certain ESA-listed salmonids;

WHEREAS, under the terms of the January 22, 2004, injunction in *Washington Toxics*, the Interim Measures terminated, with respect to the covered pesticides, upon issuance by NMFS of the OP and Carbamate BiOps;

WHEREAS, both the OP and Carbamate BiOps contained reasonable and prudent alternatives ("RPAs") that recommend changes to the covered products' labels to include certain no-spray buffers and other measures;

WHEREAS, Plaintiffs filed their initial complaint in this action in November 2010 alleging, *inter alia,* that EPA had failed to implement the RPAs in the OP and Carbamate BiOps or take any alternative measures to protect listed salmonids and their critical habitat, Dkt. No. 1;

WHEREAS, on March 10, 2011, EPA, on behalf of itself and the Departments of the Interior, Commerce and Agriculture, asked the National Academy of Sciences ("NAS") to evaluate the differing risk assessment approaches used by these agencies with regard to pesticides and endangered species, using the OP and Carbamate BiOps as examples;

WHEREAS, in October 2011, the U.S. District Court for the District of Maryland granted NMFS' cross-motion for summary judgment and denied plaintiff's motion for summary judgment, *Dow AgroSciences, LLC v. NMFS*, 821 F. Supp. 2d 792 (D. Md. 2011);

WHEREAS, on February 21, 2013, the U.S. Circuit Court for the Fourth Circuit found that the OP BiOp was arbitrary, vacated the OP BiOp, and remanded it to NMFS, *Dow AgroSciences, LLC v. NMFS*, 707 F.3d 462 (4th Cir. 2013);

WHEREAS, on April 30, 2013, the NAS issued a report entitled "Assessing Risks to Endangered and Threatened Species from Pesticides";[1]

WHEREAS, the report makes a number of recommendations, including that EPA, NMFS, and the U.S. Fish and Wildlife Service ("FWS") of the Department of the Interior, use a common approach to ecological risk assessments for pesticide use;

WHEREAS, in light of the recommendations in the NAS Report, NMFS, FWS, EPA, and the U.S. Department of Agriculture have been working to develop a common approach to risk assessment for pesticides, including holding a week-long retreat, establishing and repeatedly convening committees to address specific issues, and announcing interim approaches on November 15, 2013 (the "Interim Process"), which they intend to further develop as the Interim Process is implemented;

WHEREAS, Plaintiffs filed a supplemental amended Complaint on September 17, 2013, Dkt. No. 137, alleging that: (a) EPA has failed to complete consultation for the pesticides that were the subject of the now-vacated OP BiOp; (b) EPA has failed to ensure that its registration of the three pesticides addressed in the Carbamate BiOp does not jeopardize listed salmonids because it has not implemented the RPAs in the Carbamate BiOp (or taken alternative actions

---

[1] *See* http://www.nap.edu/catalog.php?record_id=18344.

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)

Page 4

that would avoid jeopardy or adverse modification of critical habitat); and (c) EPA's continued registration of the pesticides addressed in both the OP and Carbamate BiOps results in unauthorized take of listed salmonids;

WHEREAS, EPA intends to reopen its ESA evaluation of the two pesticides in the Carbamate BiOp for which there are still registered end-use products (carbaryl and methomyl) by preparing, with the assistance of NMFS and FWS, new nationwide biological evaluation(s) that address all NMFS species; and by reinitiating consultation with NMFS as appropriate following the completion of the nationwide evaluation(s);

WHEREAS, EPA intends to prepare a similar new nationwide evaluation(s) of the three pesticides covered by the OP BiOp and to reinitiate consultation with NMFS as appropriate following the completion of the nationwide evaluation(s);

WHEREAS, NMFS, pursuant to the stipulation filed in *NCAP v. NMFS*, cv-1791-RSL, intends to complete a new nationwide OP biological opinion on or before December 31, 2017;

WHEREAS, these biological evaluations and consultations (as appropriate) are expected to be the first ever that address all species subject to NMFS' authority for the covered pesticides;

WHEREAS, for some of NMFS' species there is far less data, information and research available than there is for salmonids, and therefore NMFS, EPA and FWS will be working together on developing and testing new methodologies and a common approach;

WHEREAS, in order to allow time for NMFS to work with EPA on preparing new biological evaluations and complete a new OP biological opinion based on all NMFS species and incorporating the recommendations of the NAS report, NMFS, pursuant to the settlement agreement in *NCAP v. NMFS*, 07-cv-1791-RSL, intends to complete a new Carbamate biological opinion on or before December 31, 2018;

WHEREAS Plaintiffs and Federal Defendant, through their authorized representatives, without any admission of legal fault or error, and without final adjudication of the issues of fact or law with respect to Plaintiffs' claims, have reached a settlement resolving this action;

WHEREAS the Plaintiffs and Federal Defendant agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve this dispute;

WHEREAS, the Defendant-Intervenors take no position on this Stipulated Settlement Agreement ("Stipulation");

THE PLAINTIFFS AND FEDERAL DEFENDANT THEREFORE STIPULATE AS FOLLOWS:

1. The Interim Measures described in the January 22, 2004, *Washington Toxics* order, with respect to malathion, diazinon, chlorpyrifos, carbaryl, and methomyl, shall be reinstated ("Reinstated Interim Measures") and remain in effect until terminated in accordance with Paragraph 2 below. The Reinstated Interim Measures will be implemented in accordance with Sections II, III.A.1, and III.D of the injunction issued in *Washington Toxics Coalition*, Case No. C01-0132C (Jan. 22, 2004), attached to this Stipulation as Exhibit 1.[1]

2. The Reinstated Interim Measures will terminate with respect to a particular pesticide and particular salmonid species upon the occurrence of one of the following:

(a) A finding by EPA made for ESA section 7 compliance purposes that a pesticide will have "no effect" on the particular salmonid species or its critical habitat;

(b) NMFS' written concurrence with an EPA finding for ESA section 7 compliance purposes that the pesticide is "not likely to adversely affect" the particular salmonid species or its critical habitat;

---

[1] The Interim Measures will also apply to Puget Sound steelhead and Lower Columbia River coho.

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)

(c) NMFS' issuance of a final Biological Opinion concluding that the pesticide is not likely to jeopardize the particular listed salmonid species, and is not likely to adversely modify its critical habitat;

(d) If: (i) NMFS issues a final Biological Opinion concluding that the uses of a pesticide are likely to jeopardize the listed salmonid species or adversely modify its critical habitat, and provides RPAs that would avoid jeopardy and adverse modification, and (ii) EPA notifies NMFS pursuant to 50 C.F.R. § 402.15 of its receipt of the Biological Opinion and the measures it intends to take in response, then the Reinstated Interim Measures shall terminate when EPA notifies the Court and the Plaintiffs that it has determined that it has completed implementation of all measures specified in its notification to NMFS;

(e) Notwithstanding ¶ 2(d), if NMFS' final Biological Opinion provides RPAs to avoid jeopardy or adverse modification that include no-spray buffer zones adjacent to salmonid habitats that are smaller than the buffer zones required by the Reinstated Interim Measures (*i.e.*, are smaller than 300 feet for aerial application and smaller than 60 feet for ground application), the Reinstated Interim Measures shall terminate upon issuance of the Biological Opinion.

3. Pursuant to an agreement between Plaintiffs and Willapa/Grays Harbor Oyster Growers Association, *see* Dkt. No. 146 (filed Oct. 30, 2013), the application of pesticide products containing carbaryl to oyster beds in the estuarine mudflats of Willapa Bay and Grays Harbor in Washington State in accordance with EPA's Special Local Need label under Section 24(c) of the Federal Insecticide, Rodenticide, and Fungicide Act (EPA Reg. No. 264-316) is enjoined, vacated and set aside only when the wind velocity at the treatment site exceeds ten miles per hour and the additional restrictions in ¶¶ 1 and 2 shall not apply to such applications.

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)

4.  EPA agrees to request that the states of California, Oregon and Washington provide notice of the Interim Measures to all certified applicators and licensed pesticide dealers of the OP and Carbamate Pesticides residing in counties where the Interim Measures apply, either by providing the notice directly (by letter or email), or by posting notice on either the homepage or licensing page of the state pesticide applicator and pesticide dealer licensing authorities' websites following entry of this Stipulation and order.  EPA also agrees to provide notice of the Interim Measures to registrants of the OP Pesticides and Carbaryl and Methomyl and request those registrants to make distributors or others in privity with them aware of this agreement.  EPA further agrees to provide notice of the Interim measures to the California Department of Pesticide Regulation, California Department of Fish and Wildlife, Washington State Department of Agriculture, Washington State Department of Natural Resources, Washington State Department of Ecology, Washington State Department of Fish and Wildlife, Oregon Department of Agriculture, Oregon Department of Forestry, the Oregon Department of Fish and Wildlife, the County Agricultural Commissioner and Cooperative Extension Agent offices, including University Extension Services identified in Appendix A, and to the entities identified in Appendix B in Washington, Oregon, and California counties where the Interim Measures apply; and the relevant region(s) of the United States Fish and Wildlife Service.  Exh. 2. EPA further agrees to submit notice of this order for publication in the Federal Register and to distribute notice of this order and links to its website for further information through its "Pesticide Program Updates" e-mail listserve.  EPA agrees that the notice provided to certified applicators and the notice provided through its Pesticide Program Updates e-mails, as well as the EPA Office of Pesticide Programs website, will include Spanish language text indicating that the Interim Measures have been reinstituted and that directs readers to the website address where the measures can be found on EPA's website.

5. EPA agrees to include the Interim Measures and the full text of this stipulation and order in a clearly marked section of its Office of Pesticide Programs website. EPA further agrees that the specific Interim Measures will be identified on EPA's website through maps that identify the counties and stream reaches where the Interim Measures apply and will include a narrative description of the measures that apply to each OP pesticide and to Carbaryl and Methomyl. EPA agrees that the website will also provide links to outside information and sources that can be used to identify "Salmon Supporting Waters," including at least those sources identified in Section II of *Washington Toxics Coalition*. EPA also agrees to establish a dedicated electronic mailbox to receive questions, concerns or complaints regarding the Interim Measures or applicator conformance with the Interim Measures.

6. Nothing in this agreement shall be interpreted as an agreement by Plaintiffs that the provisions of ¶¶ 2-5 are sufficient to comply with the ESA or any other law or that the OP and Carbamate BiOps are deficient in any respect.

7. The Order entering this Stipulation may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Plaintiffs and Federal Defendant filed with and approved by the Court, or upon written motion filed by Plaintiffs or Federal Defendant and granted by the Court. In the event that Plaintiffs or Federal Defendant seeks to modify the terms of this Stipulation, or in the event of a dispute arising out of or relating to this Stipulation, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim. The Plaintiffs and Federal Defendant agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court. If the Plaintiffs and Federal Defendant

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)

are unable to resolve the claim themselves, Plaintiffs or Federal Defendant may seek relief from the Court. In the event that Plaintiffs or Federal Defendant believes another party has failed to comply with the term of this Stipulation, that party's first remedy shall be a motion to enforce the terms of this Stipulation. This Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

8. EPA agrees that Plaintiffs are entitled to reimbursement of reasonable attorneys' fees and costs, as provided in 16 U.S.C. § 1540(g). EPA and Plaintiffs agree to attempt to resolve Plaintiffs' claim for fees and costs in this action expeditiously, without the need for Court intervention. If the EPA and Plaintiffs cannot reach such agreement within 90 days of the court order approving this Stipulation, Plaintiffs shall file a motion for attorneys' fees and costs with the Court in this matter. This 90 day period shall supersede the 14 day time period otherwise applicable pursuant to Fed. R. Civ. P. 54(d)(2)(B) and the court order approving the stipulated injunction will accordingly operate as an enlargement of time pursuant to Fed. R. Civ. P. 6(b)(1) for Plaintiffs to file a fee motion.

9. The Plaintiffs and Federal Defendant recognize that EPA has not waived any defense to and preserves its right to challenge the amount of any such fees, and does not waive any objection or defense they may have to Plaintiffs' fee application. The Plaintiffs and Federal Defendant further recognize that Plaintiffs reserve the right to seek additional fees and costs incurred arising from a need to enforce or defend against efforts to modify this agreement or for any other unforeseen continuation of this action.

10. Except as explicitly provided in this Stipulation, nothing in this Stipulation shall be construed to modify or limit the discretion afforded to the Federal Defendant under the ESA, or principles of administrative law. No provision of this Stipulation shall be interpreted as constituting a commitment or requirement that the United States is obligated to pay funds in

contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other provision of law. No provision of this Stipulation shall be interpreted as constituting a commitment or requirement that the Federal Defendant take actions in contravention of the ESA, APA, or any other law or regulation, either substantive or procedural.

11. Pursuant to Federal Rule of Civil Procedure 41(a)(2), upon approval of this Stipulation by the Court, the above-captioned case shall be dismissed without prejudice. Notwithstanding dismissal of this action without prejudice, and except as provided in ¶ 7, Plaintiffs agree not to bring or join in any court proceeding challenging EPA's compliance with section 7 or section 9 of the ESA respecting a pesticide and species subject to this Stipulation until after a terminating event has occurred as set forth in ¶ 2 for the particular pesticide and species. Furthermore, notwithstanding dismissal of this action without prejudice, and except as provided in ¶ 7, Plaintiffs agree not to bring or join in any court proceeding challenging EPA's compliance with Section 7 or section 9 of the ESA with respect to an action by EPA concerning a pesticide and species subject to this Stipulation that occurred after the date the Court approves this Stipulation and before the occurrence of one of the Terminating Events for the pesticide and species as set forth in ¶ 2. Nothing in this paragraph prohibits Plaintiffs from seeking leave to intervene on the side of EPA in any court proceeding brought by third parties challenging EPA's compliance with section 7 or section 9 of the ESA.

12. Upon approval of this Stipulation by the Court, this Stipulation shall apply to and be binding upon the Plaintiffs and Federal Defendant and anyone acting on their behalf, including successors, employees, agents, elected and appointed officers, and assigns.

13. The terms of this Stipulation constitute the entire agreement of the Plaintiffs and Federal Defendant, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced. Except as expressly stated herein, this

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)

Stipulation supersedes all prior agreements, negotiations, and discussions between the Plaintiffs and Federal Defendant with respect to the subject matters discussed herein.

14. This Stipulation may be modified or amended only by order of this Court.

15. Each of the Plaintiffs' and Federal Defendant's undersigned representatives certifies that he or she is fully authorized to enter into and execute the terms and conditions of this Stipulation, and do hereby agree to the terms herein.

16. The terms of this Stipulation shall become effective upon entry of an order by the Court ratifying the Stipulation.

17. This Stipulation has no precedential value and shall not be used as evidence of such in any litigation or in representations before any forum or public setting.

18. Notwithstanding the dismissal of this action, the Plaintiffs and Federal Defendant hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Stipulation and to resolve any motions to modify such terms, including any proceedings necessary to resolve Plaintiffs' claim for attorneys fees and costs pursuant to ¶ 8. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

//

//

//

//

//

//

//

//

Dated:    August 13, 2014.

                                          Respectfully Submitted,

                                          SAM HIRSCH
                                          Acting Assistant Attorney General
                                          SETH M. BARSKY, Section Chief
                                          S. JAY GOVINDEN, Assistant Chief

                                          /s/ J. Brett Grosko
                                          _____
                                          MEREDITH L. FLAX (DCB 468016)
                                          Senior Trial Attorney
                                          J. BRETT GROSKO (Maryland Bar)
                                          Trial Attorney
                                          U.S. Department of Justice
                                          Environment & Natural Resources Division
                                          Wildlife & Marine Resources Section
                                          Ben Franklin Station, P.O. Box 7369
                                          Washington, DC  20044-7369
                                          Phone: (202) 305-0404/(202) 305-0342
                                          Fax: (202) 305-0275
                                          Email: meredith.flax@usdoj.gov
                                                          brett.grosko@usdoj.gov

                                          *Attorneys for Federal Defendant*

OF COUNSEL:

MARK DYNER
United States Environmental Protection Agency
Office of General Counsel
1200 Pennsylvania Avenue, N.W.
Mail Code: 2333A
Washington, D.C.  20460

                                          /s/ Stephen D. Mashuda (with permission)
                                          _____
                                          STEPHEN D. MASHUDA
                                          AMANDA GOODIN
                                          Earthjustice
                                          Northwest Office
                                          705 Second Ave., Suite 203
                                          Seattle, WA  98104
                                          Phone: 206.343.7340 x1027

Fax: 206.343.1526
smashuda@earthjustice.org
agoodin@earthjusticel.org

*Counsel for Plaintiffs*

## ORDER

IT IS SO ORDERED. The Clerk is DIRECTED to close this case.

Dated this 15th day of August, 2014.

_____
Thomas S. Zilly
U.S. District Court Judge

Stipulated Settlement Agreement
(No. 10-cv-01919-TSZ)